UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-60346-RAR

SABINA FARUQUI, *et al.*,

    Appellants,

v.

SCOTT N. BROWN, as Chapter 7
Trustee of the Bankruptcy Estates of
Excelium Management, LLC,

    Appellee.
_____/

## ORDER REVERSING IN PART AND AFFIRMING IN PART BANKRUPTCY COURT'S ORDERS[1]

**THIS CAUSE** comes before the Court on Appellants', Michael Chhabra ("Michael"), Sushma Chhabra ("Sushma"), Sabina Faruqui ("Sabina"), and Najmus Faruqui's ("Najmus") (collectively, "Appellants"), Appeal from the Bankruptcy Court's three Orders Denying Appellants' Motions to Vacate Default Final Judgment in Case No. 18-01344-BKC-JKO. Appellants argue the Bankruptcy Court abused its discretion when it denied Appellants' Motions to Vacate given the lack of personal jurisdiction over Michael, as well as the existence of excusable neglect. For the reasons stated herein, the Bankruptcy Court's Order Denying Michael Chhabra's Motion to Quash Service of Process and Motion to Vacate Final Judgment [R. 207-208] is **REVERSED**; the Order Denying Sushma Chhabra's Motion to Vacate Final Default Judgment [R. 209-210] is **AFFIRMED**; and the Order Denying Sabina Faruqui and Najmus Faruqui's Motion to Vacate Final Default Judgment [R. 211-212] is **AFFIRMED**.[2]

---

[1] References to the bankruptcy record on appeal are to Appellants' Amended Designation of Items to be Included in the Record on Appeal [ECF No. 9-1] and are designated with an "R."

[2] While Appellants' Notice of Appeal [R. 241-243] indicates that Appellants are also appealing the Bankruptcy Court's Order Denying Motion for Reconsideration and Rehearing of Orders Denying Motions

## **BACKGROUND**

This appeal arises from an adversarial proceeding brought on August 22, 2018 by Scott N. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of Excelium Management, LLC ("Trustee") against Appellants [R. 17-32]. Upon filing this lawsuit, the Trustee served all Appellants at an address in Weston, Florida [R. 38-39]. The Trustee, however, knew that at least one appellant—Michael—did not reside in Florida. *See* Proof of Claim [ECF No. 19-1 at 1-3]. On September 26, 2018, the Trustee filed *Ex Parte* Motions for Entry of Clerk's Defaults against Appellants [R. 40-58]. The Clerk entered Defaults against Appellants on September 27, 2018 [R. 52-55]. On October 4, 2018, the Trustee filed *Ex Parte* Motions for Default Final Judgment against Appellants and corresponding affidavits in support of his Motions [R. 56-75].

On October 8, 2018, Michael filed a Motion to Quash Service of Process and Vacate Default on grounds that he did not reside in Weston, Florida and thus had not been adequately served with the summons and complaint [R. 76-78]. On that same day, Sabina, Najmus, and Sushma also filed Motions to Vacate Default [R. 79-84]. The following day, Appellants filed Answers to the Trustee's Complaint [R. 85-106]. The Answers raised no affirmative defenses, or jurisdictional challenges regarding service of process. On October 9, 2018, the Bankruptcy Court entered Default Final Judgments against all Appellants [R. 107-126]. The Default Final Judgments were in the following amounts: $6,052,220.59 against Sabina; $5,189,720.59 against Michael; $5,189,720.59 against Sushma; and $862,500 against Najmus. *Id.*

---

to Vacate Final Default Judgments [R. 239-240], Appellants devote no argument in their Initial Brief [ECF No. 19] to whether the Bankruptcy Court abused its discretion in denying their Motion for Reconsideration [R. 215-228]. And although Appellee notes this glaring omission in his Response Brief [ECF No. 20], the Appellants included no argument regarding the same in their Reply [ECF No. 23]. Accordingly, the Court deems this argument abandoned by Appellants and does not reach the merits of this issue. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); *see also Ingenuity, Inc. v. Linshell Innovations Ltd.*, 644 F. App'x. 913, 917 (11th Cir. 2016).

On that same day, the Bankruptcy Court also entered a *sua sponte* Order, which struck Appellants' Motions to Vacate—including Michael's Motion to Quash and to Vacate—and Appellants' Answers without prejudice [R. 127-132]. In doing so, the Bankruptcy Court noted that it had signed the Orders Granting Plaintiff's Motions for Default Final Judgment on October 5, 2018, but the Orders had not been docketed until October 9, 2018 due to an administrative delay caused by an intervening federal holiday. *Id.*

On October 11, 2018, Michael filed a renewed Motion to Quash Service of Process and Vacate Final Default Judgment ("Motion to Quash and Vacate") and a corresponding affidavit [R. 133-138]. In his affidavit, Michael noted that he had resided in Columbus, Ohio since July 2013, had not lived in the Weston, Florida address since 2013, and had not been served with the Complaint [R. 137]. On that same day, Sushma, Sabina, and Najmus also filed Motions to Vacate the Final Default Judgment ("Motions to Vacate"), asserting excusable neglect and meritorious defenses [R. 139-146], which were followed by supporting affidavits [R. 187-196]. On November 9, 2018, Appellants filed Proposed Answers to the Complaint (collectively, "Proposed Answers," and individually, "Proposed Answer"), which again included no affirmative defenses, or jurisdictional challenges [R. 150-174].

On November 19, 2018, after hearing argument on Appellants' Motions to Vacate, the Bankruptcy Court entered three Orders Denying Appellants' Motions to Vacate Final Default Judgments [R. 207-212]. On December 10, 2018, Appellants filed a combined Motion for Reconsideration and Rehearing of Orders Denying Motions to Vacate Final Default Judgments [R. 215-228], which was denied after a hearing [R. 239-240].[3] Appellants appeal the disposition of their Motions to Vacate Final Default Judgments.

---

[3] The transcripts of the hearing on Appellants' Motions to Vacate and the hearing on Appellants' Motion for Reconsideration were include in the record on appeal and have been considered [ECF Nos. 11, 12].

## **LEGAL STANDARD**

District courts have appellate jurisdiction over the judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a). On appeal, a district court reviews a bankruptcy court's conclusions of law *de novo*. *In re Calvert,* 907 F.2d 1069, 1071 (11th Cir. 1990). A bankruptcy court's factual findings, however, may not be set aside unless they are clearly erroneous. *Id*. A bankruptcy court's refusal to set aside a default judgment is reviewed for abuse of discretion. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted). As such, an "appellant cannot prevail simply because the [bankruptcy court] properly could have vacated its order." *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.,* 803 F.2d 1130, 1132 (11th Cir. 1986) (citing *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977)). "Instead, to show an abuse of discretion, the appellant must demonstrate a justification so compelling that the [lower] court was required to vacate its order." *Worldwide*, 328 F.3d at 1295 (internal citations and quotations omitted).

## **ANALYSIS**

### I. **Order Denying Michael's Motion to Quash Service and Vacate Final Judgment**

Michael argues that the Bankruptcy Court erred by failing to set aside his final judgment where it is undisputed that Michael was not properly served with the Complaint. In addition, Michael posits that the Bankruptcy Court should have ignored his subsequently-filed Proposed Answer in considering the merits of his Motion to Quash and Vacate. The Trustee counters that Michael's Motion to Quash Service insufficiently asserted an objection to personal jurisdiction under Rule 60(b)(4), and further, even if Michael had properly lodged an objection to service of process, he waived it when he filed a Proposed Answer that did not challenge the Court's personal jurisdiction.

A review of the record and the transcript of the hearing[4] on Appellants' Motion to Vacate Final Judgment reveals two organizing principles: (1) in response to Michael's Motion to Quash and Vacate, the Trustee did not argue that Michael's Motion was insufficient to assert an objection to service of process and thus the Bankruptcy Court did not consider that argument; and (2) the Bankruptcy Court relied on Michael's filing of a Proposed Answer to conclude Michael waived any challenge to service of process.

Rule 55 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7055, governs default final judgments. According to Rule 55(c), a court may vacate or set aside a default judgment so long as the moving party complies with Rule 60(b).[5] Under Rule 60(b)(4), a court may relieve a party from final judgment if the judgment is "void." Fed R. Civ. P. 60(b)(4). "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *Worldwide*, 328 F.3d at 1299. However, "a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance." *Id.*

Michael argues that the Bankruptcy Court abused its discretion by failing to vacate the final judgment, which was void for insufficient service of process. This Court agrees. Michael's Motion to Quash and Vacate specifically stated that Michael "was not properly served with the Complaint" and requested, in relevant part, that the Bankruptcy Court vacate the final judgment for "failure to properly serve him." R. 133-134. In addition, Michael stated that he did not reside in the address where service had been effectuated since 2013, and thus had not been properly served. Michael also attached his sworn affidavit, indicating that he had lived in Columbus, Ohio

---

[4] The Bankruptcy Court's Order Denying Michael's Motion to Quash and Vacate [R. 202-203] briefly memorializes the record laid by the Bankruptcy Court at the hearing.

[5] *See also* Rule 9024 of the Federal Rules of Bankruptcy Procedure.

since July 2013, and that he had never been served with a copy of the Complaint [R. 137]. On these facts, the Bankruptcy Court was required to vacate its Default Final Judgment.

The Bankruptcy Court's reliance on the filing of a *Proposed* Answer to support waiver of Michael's jurisdictional argument was an abuse of discretion. To be fair, from the hearing transcript, it is possible that the Bankruptcy Court may not have realized that Michael's Answer was only a *Proposed* Answer, presumably filed to accompany his Motion to Quash Service and Vacate. At the hearing, the parties and the Bankruptcy Court repeatedly referred to Michael's Proposed Answer as simply an "answer," but the legal effect of a proposed answer and an operative answer are quite different. A proposed answer is just that—a *proposed* pleading that is not yet operative. *See, e.g., Oakley, Inc. v. Bugaboos Eyewear Corp.*, No. 09-CV-2037-JLS JMA, 2010 WL 4117223, at *3 (S.D. Cal. Oct. 15, 2010) (holding that a defendant did not waive the attorney-client privilege defense by filing a proposed answer because the proposed answer was not operative). Here, Michael's Proposed Answer would not become operative until—and unless—the Bankruptcy Court resolved his Motion to Quash and Vacate in his favor *and* Michael filed his proposed answer as an answer, or the Bankruptcy Court entered an order deeming the proposed answer operative.

More importantly, Michael *did* properly challenge service of process in compliance with Rule 12 by filing a pre-answer motion contesting service. Michael's Motion to Quash and Vacate was initially filed prior to the entry of default final judgment but was vacated due to a filing delay in the Bankruptcy Court's Default Final Judgment Order. Notwithstanding the same, Michael renewed his Motion to Quash and Vacate two days after his initial motion was stricken, and in doing so, he reasserted the argument that he had been improperly served. Because Michael was not adequately served, the Bankruptcy Court had no power to enter a default judgment against him, and thus the judgment was void, requiring vacatur.

Putting the issue of waiver aside, the Trustee argues that this Court should affirm the Bankruptcy Court on grounds that Michael's Motion to Quash and Vacate did not properly challenge service of process under Rule 60 (b)(4). Specifically, the Trustee advances that this case is analogous to *Worldwide* in that Michael failed to specifically identify Rule 60(b)(4) in his Motion to Quash and Vacate, and similarly failed to mention the concepts of personal jurisdiction and due process. *See Worldwide*, 328 F.3d at 1294. As already noted, this argument was not raised by the Trustee below and thus was not considered by the Bankruptcy Court. As such, the Court declines to entertain this argument raised for the first time on appeal for which there is no compelling reason to deviate from the general requirement that an issue be raised in the lower court before consideration at the appellate level. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) (noting the general requirement that to be resolved at the appellate level an issue must first be raised in the bankruptcy court and refusing to consider a new argument on appeal).

Moreover, the Court notes that the Trustee's new appellate argument is inconsistent with the argument he briefed for the Bankruptcy Court. Although the Trustee now argues that Michael failed to preserve an argument on personal jurisdiction, he did not advance this position in his Response to Defendants' Motions to Vacate Default Final Judgments ("Response to the Motion to Vacate") [R. 175-184]. In his Response to the Motion to Vacate, the Trustee specifically noted that Michael "challenged service of process, and implicitly, personal jurisdiction" in his Rule 60 motion [R. 182]. Thus, any argument that Michael failed to properly challenge personal jurisdiction, or the insufficiency of service of process, is belied by the record below which demonstrates the Trustee understood and acknowledged Michael's personal jurisdiction argument.[6]

---

[6] Although the Court does not reach the Trustee's claim regarding the allegedly improper pleading, a few points regarding the *Worldwide* case are worth noting. In *Worldwide*, the Eleventh Circuit affirmed a district court's decision affirming a denial of a motion to vacate final judgment where the defendant failed

In sum, Michael properly challenged personal jurisdiction as proscribed by Rule 12 and by Rule 60. In doing so, he noted that he had never been served—an undisputed fact between the parties—which rendered the judgment against him void. The fact that he filed a Proposed Answer that did not assert affirmative defenses is of no moment and did not waive Michael's jurisdictional challenge. As such, the Bankruptcy Court abused its discretion by denying Michael's Motion to Quash and Vacate under Rule 60(b)(4).[7]

## II. Order Denying Sushma, Sabina, and Najmus's Motions to Vacate Final Judgment

Sushma, Sabina, and Najmus (collectively, "Remaining Appellants") do not dispute service of process. Instead, the Remaining Appellants contend the Bankruptcy Court abused its discretion by denying their Motions to Vacate under Rule 60(b)(1). Rule 60(b)(1) permits a court

---

to properly allege a Rule 60(b)(4) ground for vacatur. *See Worldwide*, 328 F.3d at 1301. In doing so, the Court noted that the defendant had specifically mentioned Rule 60(b)(1) and (b)(6), but had failed to cite (b)(4). In addition, the Court stated that although the defendant claimed he had never received service of process, he did so solely in the context of demonstrating "excusable neglect" under Rule 60(b)(1). The facts in this case are different. As an initial matter, Michael's Rule 60 motion does not cite Rule 60 *at all*. Thus, little can be surmised from his failure to specifically cite to Rule 60(b)(4). More importantly, however, is the substance of Michael's Motion to Quash and Vacate. Though unartfully pled, it is clear from Michael's Motion that he is challenging the insufficiency of service of process as a standalone reason requiring vacatur under Rule 60(b)(4). Unlike the motion in *Worldwide*, Michael's Motion to Quash and Vacate has distinct subheadings, which include a specific section on service of process. And unlike *Worldwide*, where the issue of service of process was raised only in the context of excusable neglect, here the Trustee's Response to the Motion to Vacate explicitly acknowledged that Michael was not raising excusable neglect, but rather only challenging service of process. *See* Response to Motion to the Vacate [R. 182] ("Defendant Michael Chhabra…has not argued excusable neglect at all. Rather, he has challenged service of process and, implicitly, personal jurisdiction."). Thus, short of citing Rule 60(b)(4), it is clear from Michael's Motion to Quash and Vacate that he was challenging insufficiency of service of process under Rule 60(b)(4), distinguishing this case from *Worldwide*. Finally, the Court notes that any ambiguity regarding Michael's Motion to Quash and Vacate was clarified by his Motion for Reconsideration, which explicitly cited Rule 60(b)(4).

[7] Both sides erroneously contend that notwithstanding Michael's challenge to service of process under Rule 60(b)(4), Michael must also demonstrate that he has meritorious defenses to the underlying action to prevail on appeal. However, if a judgment is void, the inquiry ends there. No additional proof is required to demonstrate that the defaulting party has a meritorious defense where a judgment is rendered void under Rule 60(b)(4). *See Hicklin v. Edwards,* 226 F.2d 410, 413 (8th Cir. 1955)*; Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *In re Brackett*, 243 B.R. 910, 914 n.7 (Bankr. N.D. Ga. 2000).

to relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. Rule 60(b)(1). "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) good reason existed for failing to reply to the complaint." *Worldwide*, 328 F.3d at 1295 (internal citations and quotations omitted). Here, the Bankruptcy Court determined that the Remaining Appellants had not established excusable neglect and had failed to present meritorious defenses to Plaintiff's Complaint [R. 209-212]. The Remaining Appellants contend that the Bankruptcy Court abused its discretion in doing so. The Court analyzes each Order in turn.[8]

### A. Order Denying Shushma's Motion to Vacate Final Judgment

The sole basis to establish excusable neglect set forth in Sushma's Motion to Vacate is that she suffered from health problems, which required two surgeries in August 2018 [R. 139-142]. As a result of her illness, Shushma contends that she "[had] not taken any time to review or respond to any correspondence" that she received in the six weeks that preceded her Motion to Vacate [R. 140]. However, illness by itself does not support a finding of excusable neglect. *See United States v. Real Prop. Known as 6556 Skyline Drive, Delray Beach, FL 33446*, No. 915-CV-80123-RR, 2016 WL 320089, at *2 (S.D. Fla. Jan. 27, 2016) (noting that "[i]llness is well understood not to constitute excusable neglect as intended by Rule 60(b)(1)."); *see also Abbey v. Mercedes Benz of N. Am., Inc.*, No. 0480136CIV, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007) (stating that "illness alone is not a sufficient basis for setting aside a judgment."); *accord McGill v. Pinnacle Fin. Corp.*, No. 612-CV-1142-ORL-28, 2013 WL 4046978, at *2 (M.D. Fla. Aug. 9, 2013).

---

[8] The Bankruptcy Court issued one Order denying Shushma's Motion to Vacate Final Default Judgment [R. 209-210] and a separate Order denying both Sabina and Najmus's Motion to Vacate [R. 211-212].

Here, Shushma offered nothing beyond her illness to justify a finding of good cause for her failure to respond to the Complaint. Indeed, her lack of diligence is largely unexplained in her Motion to Vacate. Other than to note that she had health issues requiring two surgeries and physical therapy, Shushma does not explain why she could not timely respond to the Complaint, or seek an extension of time to do so. Moreover, the Court notes that Shushma's answer was due on September 24, 2018, at least a month after her surgeries. Put simply, the Court will not second-guess the Bankruptcy Court's decision to deny Shushma's Motion to Vacate, especially where it is not evident from the record that the Bankruptcy Court was required to vacate its judgment. By failing to demonstrate good cause for failure to respond to the Complaint, Shushma could not establish excusable neglect.[9] Accordingly, the Bankruptcy Court did not abuse its discretion in denying Shushma's Motion to Vacate.

### B. Order Denying Sabina and Najmus's Motion to Vacate Final Judgment

Sabina and Najmus filed a combined Motion to Vacate Final Judgment [R. 143-146] in which they argue that they "misunderstood the summons and mistakenly believed they had until the pre-trial date, November 28, 2018, to respond" to the Complaint [R. 144]. Sabina and Najmus allege that their misunderstanding satisfies the good cause prong of the excusable neglect inquiry such that the Bankruptcy Court was required to vacate the final judgment against them. Not so. While excusable neglect is an elastic concept, "inadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of excusable neglect…and negligent handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by

---

[9] Having found no good cause for Shushma's failure to respond, the Court does not reach her allegation that she adequately presented meritorious defenses. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x. 908, 911 (11th Cir. 2011) ("If no good reason for failing to respond to the complaint has been shown, excusable neglect cannot be established."); *see also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993) (affirming district court's decision to deny a Rule 60(b) motion based on defendant's failure to establish good cause).

Rule 60(b)." *Casio Computer Co. v. Noren*, 35 F. App'x. 247, 250 (7th Cir. 2002) (internal citations and quotations omitted). This is true even in the context of *pro se* litigants, like Sabina and Najmus, who represented themselves until October 2018. *See Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 93 CIV. 2424(CSH), 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) (noting that defendants' lack of legal sophistication as *pro se* litigants cannot form the basis of their claim of excusable neglect).

Here, Sabina and Najmus received a copy of the summons and Complaint, like the thousands of defendants who are served in cases each year. Their inability or refusal to read and follow the plain language of the summons does not rise to the level of excusable neglect. Excusable neglect is typically "reserved for miscarriages of justice caused, for instance by a judicial officer's misrepresentations, lost mail, or plausible misrepresentations of ambiguous rules." *Id.* Here, Sabina and Najmus have not demonstrated excusable neglect. Despite proper service, Sabina and Najmus failed to timely respond to the Complaint. Their carelessness is not a basis for relief under Rule 60(b), and as such, the Bankruptcy Court did not abuse its discretion in denying their motion.[10]

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Order Denying Michael Chhabra's Motion to Quash Service of Process and Motion to Vacate Final Judgment [R. 207-208] is **REVERSED**. This matter is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

2. The Order Denying Sushma Chhabra's Motion to Vacate Final Default Judgment [R. 209-210] is **AFFIRMED**.

---

[10] The Court does not reach Appellants' argument that the Bankruptcy Court lacked a sufficient basis in the pleading to enter default final judgment. This argument was not briefed by Appellants in their Motions to Vacate and was not considered by the Bankruptcy Court below. *See In re Egidi*, 571 F.3d at 1163.

3. The Order Denying Sabina Faruqui and Najmus Faruqui's Motion to Vacate Final Default Judgment [R. 211-212] is **AFFIRMED**.

4. The Clerk is instructed to mark this case **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of November, 2019.

**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**